UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 2:16cr83 |
| ) | |
| v. ) | 18 U.S.C. § 157(1) |
| ) | Bankruptcy Fraud |
| EDWARD O. YODER, ) | Count 1 |
| ) | |
| ) | 18 U.S.C. § 152(1) |
| Defendant. ) | Concealment of Assets |
| ) | Count 2 |
| ) | |
| ) | 18 U.S.C. § 152(7) |
| ) | Fraudulent Transfer of Property |
| ) | Count 3 |
| ) | |
| ) | 18 U.S.C. § 152(2) |
| ) | False Oaths |
| ) | Counts 4-5 |
| ) | |
| ) | 18 U.S.C. § 152(3) |
| ) | False Declarations |
| ) | Counts 6-7 |
| ) | |
| ) | 18 U.S.C. § 981(a)(1)(C) & |
| ) | 28 U.S.C. § 2461 |
| ) | Forfeiture |

## SUPERSEDING INDICTMENT

August 2016 Term - At Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

## COUNT ONE

From on or about October 5, 2012, to on or about January 24, 2014, in the Eastern District

of Virginia, the defendant EDWARD O. YODER devised and intended to devise a scheme and

artifice to defraud, the object of which was to conceal the sum of $339,660 from YODER'S

1

creditors, and for the purpose of executing and concealing such a scheme to defraud and attempting to do so, filed a petition under Title 11 of the United States Code, as described below in Paragraphs 1-9 below:

1. On or about July 11, 2011, defendant EDWARD O. YODER filed a voluntary bankruptcy petition in Case No. 11-73305-SCS, in the United States Bankruptcy Court for the Eastern District of Virginia.    The case was later dismissed on January 27, 2012.

2. On or about August 22, 2011, prior to the dismissal of the case, YODER filed a Schedule B – Personal Property schedule, which included under Paragraph 13: "Stock and interests in incorporated and unincorporated businesses."  YODER listed on that Schedule B: "153,000 shares of SIRIUS stock" with a current value of "$350,000.00."

3. On or about May 31, 2012, YODER requested a wire of funds in the amount of $25,000 from J.P. Turner & Company, to be deposited into YODER's Monarch bank account.

4. As of October 1, 2012 YODER owned a taxable account in J.P. Turner & Company, including 132,950 shares of Sirius stock.

5. On or about October 5, 2012, YODER transferred the sum of $25,000 from his Monarch Bank account to S.M.S's Monarch Bank account.

6. On or about October 5, 2012, YODER caused J.P. Turner & Company to sell all of the Sirius stock and to wire the funds to his bank account at Monarch Bank the sum of $339,772.45.19.   YODER's pre-payment request for the stock sale was for a "medical emergency."   On that same date, YODER transferred the additional sum of $330,000 from his Monarch Bank account to S.M.S's Monarch Bank account.

2

7.   On or about December 5, 2012, YODER, for the purpose of executing and concealing the aforesaid scheme and artifice, filed a voluntary bankruptcy petition in Case No. 12-750028-SCS in the United States Bankruptcy Court for the Eastern District of Virginia and a Chapter 7 Trustee was appointed.    During the course of the bankruptcy case, YODER did not disclose his sale of the Sirius stock and wiring of the proceeds to his bank account and subsequent transfer to S.M.S.'s account as required by the Statement of Financial Affairs.    ~~I suggest the change so there is no confusion that he didn't disclose the transfer on the Statement of Financial Affairs. He did finally come clean about the sale later in 2014.~~  *SWH*

8.       On or about December 19, 2012, S.M.S. transferred the sum of $330,000 and an additional $20,000, for a total of $350,000 from her account at Monarch Bank to her account with Infinex Financial Group, Virginia Asset Group brokerage account ending in 1859

9.       Between on or about December 5, 2012 until on or about January 24, 2014, YODER and S.M.S. concealed these transactions from the chapter 7 Trustee and the Trustee's counsel, during which time S.M.S. disbursed at least $310,169.01 of the $350,000 she received from YODER to YODER, or to others at his direction.    Despite demand from the chapter 7 Trustee's counsel, YODER failed to deliver or account for the balance.

(In violation of Title 18, United States Code, Sections 157(1) and 2.)

## COUNT TWO

From on or about October 5, 2012, to on or about January 24, 2014, in the Eastern District of Virginia, defendant EDWARD O. YODER and S.M.S. did knowingly and fraudulently conceal from the trustee charged with control and custody of the debtor's property, and in connection with a case under title 11, namely Bankruptcy Case No. 12-75028-SCS, specifically $339,660.19, property that belonged to the estate of the debtor, from the trustee and from the creditors and the United States Trustee.

(In violation of Title 18, United States Code, Sections 152(1) and 2.)

## COUNT THREE

On or about October 5, 2012, in the Eastern District of Virginia and elsewhere, defendant EDWARD O. YODER, in a personal capacity, in contemplation of a case under title 11, knowingly and fraudulently transferred and concealed pre-petition assets of the debtor totaling $339,660.19 to another individual, namely, S.M.S., and with the intent to defeat the provisions of Title 11.

(In violation of Title 18, United States Code, Section 152(7) and 2.)

4

## COUNT FOUR

On or about March 12, 2013, in the Eastern District of Virginia, at the meeting of

creditors, defendant EDWARD O. YODER knowing and fraudulently made a false material

statement under oath in and in relation to a case under title 11, *In re: Edward O. Yoder*, Case No.

12-75028-SCS, by falsely testifying under oath in a proceeding before the case trustee at a

meeting of creditors, as follows, knowing such statements to be false:

> The trustee asked defendant if he had any motor vehicles he had not disclosed, and defendant answered: "No m'am."  He affirmed this statement twice.

> The trustee further asked defendant if he had transferred any property, and defendant told the trustee about the Pungo property (owned by Sunny Dell LLC) transferred to his parents.  The trustee asked defendant if he had any other transfers in the past two years and defendant said: "No." Defendant made no mention of the transfer of the Sirius stock.

> Defendant falsely stated that he had listed all of his assets.

> Defendant denied that he had any life insurance policies.

> (In violation of Title 18, United States Code, Section 152(2).)

## COUNT FIVE

On or about April 17, 2013, in the Eastern District of Virginia, at the meeting of

creditors, defendant EDWARD O. YODER knowing and fraudulently made a false material

statement under oath in and in relation to a case under title 11, *In re: Edward O. Yoder*, Case No.

12-75028-SCS, by falsely testifying under oath in a proceeding before the chapter 7 trustee at a

meeting of creditors, as follows, knowing such statements to be false:

> Defendant testified falsely that he did not have any other vehicles other than a Lincoln Navigator and a Ford Escape.

> Defendant denied that he had any life insurance policies.

> (In violation of Title 18, United States Code, Section 152(2).)

5

## COUNT SIX

On or about December 19, 2012, in the Eastern District of Virginia, defendant EDWARD

O. YODER knowingly and fraudulently made a material false declaration, certificate and

verification under the penalty of perjury, as permitted under Section 1746 of Title 28, in and

under the relation to a case under title 11, *In re Edward O. Yoder*, Case No. 12-75028-SCS, by

submitting Schedules of Assets and Liabilities and a Statement of Financial Affairs, in which the

defendant fraudulently omitted to disclose the following personal property of defendant, namely:

| | |
|---|---|
| Gun Safe | $ 800 |
| H&K .45 Pistol | $ 850 |
| Remington 1100 12 Ga. Shotgun | $ 900 |
| Benelli Nova 12 Ga Shotgun | $ 1,100 |
| Benelli Franchi Over-under | $ 1,100 |
| Ruger .22 Rifle | $ 250 |
| MML Bay State Whole Life Ins. | $ 5,726 |
| IRA-JP Turner & Co. | $ 138,207 |
| IRA Schwab | $ 337,906 |
| 529 Education IRA, American Funds for Yoder children | $ 162,140 |
| 15% interest in So. Birdneck Rd. Business Park LLC | $ 6,500 |
| 2009 Ford Escape | $ 8,767 |

and fraudulently omitted to disclose the transfer of the 153,000 shares of SIRIUS stock and later

converted to cash.

(In violation of Title 18, United States Code, Section 152(3).)

6

## COUNT SEVEN

On or about April 10, 2013, in the Eastern District of Virginia, defendant EDWARD O.

YODER knowingly and fraudulently made a material false declaration, certificate and

verification under the penalty of perjury, as permitted under Section 1746 of Title 28, in and

under the relation to a case under title 11, *In re Edward O. Yoder*, Case No. 12-75028-SCS, by

submitting Schedules of Assets and Liabilities and a Statement of Financial Affairs, in which the

defendant fraudulently omitted to disclose the following personal property of defendant, namely:

| | |
|---|---|
| Gun Safe | $ 800 |
| H&K .45 Pistol | $ 850 |
| Remington 1100 12 Ga. Shotgun | $ 900 |
| Benelli Nova 12 Ga. Shotgun | $ 1,100 |
| Benelli Franchi Over-under | $ 1,100 |
| Ruger .22 Rifle | $ 250 |
| MML Bay State Whole Life Ins. | $ 5,726 |
| 529 Education IRA, American Funds for Yoder children | $ 162,140 |
| 15% interest in So. Birdneck Rd. Business Park LLC | $ 6,500 |

and fraudulently omitted to disclose the transfer of the 153,000 shares of SIRIUS stock and later

converted to cash.

(In violation of Title 18, United States Code, Section 152(3).)

7

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER ALLEGES AND FINDS PROBABLE CAUSE THAT:

1.  The defendant, if convicted of any of the violations alleged in Counts Two through Seven of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2.  If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

3.  The property subject to forfeiture includes, but is not limited to, the following property:

    a.  A monetary judgment in the amount of not less than $1,003,906.19, representing the proceeds of Counts Two through Seven.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c)).

8

REDACTED COPY

*United States v. Edward O. Yoder,*
*Criminal No. 2:16cr83*

A TRUE BILL:

REDACTED COPY

_____
FOREPERSON

Dana J. Boente
United States Attorney

Stephen W. Haynie
Assistant United States Attorney

9